```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

JACKIE McLEOD,                   :

    PETITIONER,                  :

vs.                              :   CIVIL ACTION 09-00434-WS-B

MS. ADAMS,                       :

    RESPONDENT.                  :

## REPORT AND RECOMMENDATION

Jackie McLeod filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241 while confined at the Holman Correctional Facility located in Atmore, Alabama. (Doc. 1) The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be denied.

    **I.   Background Facts**

While serving a state sentence for various drug offenses, McLeod was convicted of obstruction of justice in the Middle District of Alabama[1]. (Doc. 1). He was sentenced to 87 months

---

[1] The Court records reflect that McLeod was convicted and sentenced on the obstruction charges in 1993. United States v. Jackie McLeod, Civil Action No. 03-A-113-S (M.D. Ala. February 11, 2003).

confinement and three years of supervised release. (Doc. 1 at 5) According to McLeod, he was paroled by state officials in 1998 and was transferred to a federal facility in Pollock, Louisiana, to serve his federal sentence.  At the completion of his sentence, McLeod was placed on supervised release. (Id.)  McLeod asserts that on October 24, 2008, the Court in the Middle District of Alabama revoked his supervised release, and sentenced him to a 12 month sentence. (Id.)  McLeod further asserts that he is currently confined to the state prison facility in Atmore, Alabama, and that upon the completion of his state sentence, he must then serve the 12 month sentence imposed in connection with the revocation of his supervised release. (Id.)  McLeod requests that his obstruction of justice conviction be vacated and that the 12 month confinement sentence imposed for revocation of his supervised release be vacated as well. (Id.)

## II.   CONCLUSIONS OF LAW

The general rule is that a challenge to the validity of a federal sentence must be pursued in a §2255 motion, not a §2241 petition.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). See Pack v. Yusuff, 218 F.3d 448, 451-51 (5th Cir. 2000)("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.").  This rule applies to both McLeod's underlying federal sentence for obstruction of justice and the sentence he received in

connection with the revocation of his supervised release. See United States v. Dunham, 240 F.3d 1328, 1329-30(11th Cir. 2001)(addressing challenge to revocation of probation under § 2255); United States v. Jackson, 2002 U.S. Dist. LEXIS 3235, 2002 WL 324291 (N.D. Tex., Dallas Div. Feb. 27, 2002)(addressing challenge to revocation of supervised release under § 2255).

Section 2241 cannot be used to circumvent § 2255. However, the saving clause of § 2255 provides that a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The Eleventh Circuit has held that a petitioner may use the "savings clause" to "open the portal" to a §2241 proceeding when:

> 1)[his] claim is based upon retroactively Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first 2255    motion.

Wafered v. Scott, 177 F.3d 1236, 1244 & n.3 (11th Cir. 1999). In the instant action, McLeod has not alleged, let alone established that he can meet the Wafered criteria. Accordingly, McLeod's petition is due to be dismissed because § 2241 does not provide him with the ability to collaterally attack his federal sentences. Gregory v. United States, 2009 U.S. App. Lexis 12036 (11th Cir. May 29, 2009)(where the petitioner had not satisfied

even the first prong of the Wafered test, the § 2241 portal remains shut).

In limited circumstances, a § 2241 petition may be recharacterized as a §2255 petition and transferred to the sentencing court[2]. Castro v. United States, 540 U.S. 375, 381, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003) (before recharacterizing a pro se litigant's motion as a § 2255, the district court must notify the prisoner of its intention to do so, inform the prisoner of the consequences of that recharacterization and provide the prisoner with an opportunity to withdraw or amend his motion); United States v. Austin, 322 Fed. Appx. 940 (11th Cir. 2009); Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002); Modena v. United States, 2005 U.S. Dist. LEXIS 31647 (D. Minn. Nov. 21, 2005)(under certain limited circumstances, a § 2241 petition may be converted to a § 2255 petition and transferred to the sentencing court).  Based upon a review of the docket of the U.S. District Court for the Middle District of Alabama, the Court in which McLeod was convicted and sentenced for the obstruction offense, the undersigned finds that construing McLeod's petition as a § 2255 motion and transferring it to the Middle District of Alabama is not

---

[2] A § 2255 motion that challenges the validity of a sentence is properly brought in the sentencing court, whereas a petition under 28 U.S.C. § 2241 that attacks the execution of a sentence must be filed in the district where the prisoner is confined. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

appropriate.

First of all, McLeod cannot file a second or successive § 2255 motion without pre-authorization from the Court of Appeals for the Circuit in which the trial court is located.  28 U.S.C. §2244(b)(3) and § 2255.  A review of the docket of the U.S. District Court for the Middle District of Alabama reflects that McLeod has filed at least five § 2255 motions attacking his federal conviction and sentence for obstruction of justice. See United States v. Jackie McLeod, Civil Action No. CR. 92-220-S (M.D. Ala. June 30, 1998); United States v. Jackie McLeod, Civil Action No. 01-A-301-S (M.D. Ala. Apr. 11, 2001); United States v. Jackie McLeod, Civil Action No. 02-A-395-S (M.D. Ala. May 16, 2002); United States v. Jackie McLeod, Civil Action No. 02-A-468-S (M.D. Ala. June 26, 2002); United States v. Jackie McLeod, Civil Action No. 03-A-113-S (M.D. Ala. Feb. 11, 2003).  McLeod's initial petition was considered on the merits and was decided adverse to him.  His other § 2255 petitions were summarily dismissed as successive petitions.  In view of the foregoing, the undersigned finds that it would be inappropriate to construe McLeod's claim attacking his obstruction conviction as a § 2255 motion and to transfer it to the Middle District of Alabama. As noted supra, § 2241 cannot be used to circumvent the prohibition against successive § 2255 filings. 28 U.S.C. §2244(b)(3), 2255(h).

The undersigned finds that it would  likewise be inappropriate

5

to construe McLeod's claim attacking the revocation of his supervised release and 12 month sentence of imprisonment as a § 2255 motion and to transfer that claim because a review of the docket of the U.S. District Court for the Middle District of Alabama reflects that McLeod currently has pending before that Court a § 2255 motion which attacks the revocation of his supervised release and his 12 month sentence of imprisonment. See Jackie McLeod v. United States, Civil Action No. 09-333-WHA. In view of the foregoing, the undersigned finds that recharacterizing and transferring McLeod's claim attacking the revocation of his supervised release and 12 month sentence of imprisonment would not be appropriate under the circumstances.

### III. CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that McLeod's petition for habeas corpus relief pursuant to § 2241 should be denied. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **1st** day of **October, 2009**.

                                                                      /s/ SONJA F. BIVINS
                                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.